United States Bankruptcy Court
Middle District of Pennsylvania

In re: Case No. 21-01918-HWV
Peter Kenneth Sarago Chapter 13
Patricia A. Sarago
Debtors

# CERTIFICATE OF NOTICE

District/off: 0314-1 User: AutoDocke Page 1 of 3
Date Rcvd: Nov 05, 2021 Form ID: pdf002 Total Noticed: 57

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |
| ++ | Addresses marked '++' were redirected to the recipient's preferred mailing address pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.P.2002(g)(4). |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Nov 07, 2021:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db/jdb | + | Peter Kenneth Sarago, Patricia A. Sarago, 19 Nicolas Drive, Carlisle, PA 17015-7931 |
| 5433425 | ++ | BANK OF AMERICA, PO BOX 982238, EL PASO TX 79998-2238 address filed with court:, Bank of America, PO Box 982238, El Paso, TX 79998 |
| 5438485 | + | Bank of America, N.A., P O Box 982284, El Paso, TX 79998-2284 |
| 5433427 | + | Barclays Bank Delaware, PO Box 8803, Att: Credit Bureau, Wilmington, DE 19899-8803 |
| 5433429 | + | Clayton W. Davidson, McNees, Wallace and Nurick, 100 Pine Street, Harrisburg, PA 17101-1288 |
| 5442622 | + | Commonwealth of PA Department of, Community & Economic Development, 400 North Street, 4th Floor, Harrisburg, PA 17120-0081 |
| 5433431 | + | Commonwealth of Pennsylvania, Bureau of Labor and Industry, Office of Unemp Comp Tax Services OUCTS, PO Box 60848, Harrisburg, PA 17106-0848 |
| 5442623 | + | Cumberland County Tax Bureau, 21 Waterford Drive, Suite 201, Mechanicsburg, PA 17050-8268 |
| 5442627 | + | JPMCB Card, PO Box 9013, Addison, TX 75001-9013 |
| 5436855 | + | JPMorgan Chase Bank, N.A., s/b/m/t Chase Bank USA, N.A., c/o National Bankruptcy Services, LLC, P.O. Box 9013, Addison, Texas 75001-9013 |
| 5442628 | + | Katie Maxwell, Esq., Walters & Galloway, 54 E. Main Street, Mechanicsburg, PA 17055-3851 |
| 5442629 | + | LL Bean/CBNA, 50 NW Point Blvd, Elk Grove, IL 60007-1032 |
| 5442630 | + | LVB Holdings, LLC, 18484 Preston Road, #102122, Dallas, TX 75252-5400 |
| 5440165 | + | Servhl Underlying Trust 2019-1, Service Finance Co., LLC, 555 S. Federal Hwy 200, Boca Raton, FL 33432-6033 |
| 5433443 | + | Service Finance CO LLC, 555 S Federal Highway, Suite 220, Boca Raton, FL 33432-6033 |
| 5444282 | + | Thomas S Beckley, 212 North Third Street, Suite 301, Harrisburg, PA 17101-1505 |
| 5442635 | + | Vertical Properties LP, 4400 Gettysburg Road, Camp Hill, PA 17011-6631 |
| 5444283 | + | Vertical Properties, L.P., 212 North Third Street, Suite 301, Harrisburg, PA 17101-1505 |
| 5442639 | | WF Card Svc, PO Box 10438, MAC F823502F, Des Moines, IA 503060438 |
| 5433445 | + | WF Crd Svc, PO Box 51193, Los Angeles, CA 90051-5493 |
| 5434720 | | Wells Fargo Bank, N.A., Wells Fargo Card Services, PO Box 10438, MAC F8235-02F, Des Moines, IA 50306-0438 |
| 5442636 | + | Wells Fargo Card Service, Credit Bureau Resolution Group, PO Box 14517, Des Moines, IA 50306-3517 |
| 5442637 | + | Weltman, Weinberg & Reis Co. LPA, 436 7th Ave Ste 2500, Pittsburgh, PA 15219-1842 |
| 5442638 | + | Westgate Resorts, 5601 Windhover Drive, Orlando, FL 32819-7936 |
| 5442640 | + | Zwicker & Associates, 3220 Tillman Drive, Suite 215, Bensalem, PA 19020-2028 |

TOTAL: 25

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| cr | + | Email/PDF: rmscedi@recoverycorp.com | Nov 05 2021 18:44:25 | PRA Receivables Management, LLC, PO Box 41021, Norfolk, VA 23541-1021 |
| 5434474 | + | Email/Text: bknotices@bankofthewest.com | Nov 05 2021 18:40:10 | BANK OF THE WEST, 2527 CAMINO RAMON, SAN RAMON CA 94583-4213 |
| 5442619 | + | Email/Text: bknotices@bankofthewest.com | Nov 05 2021 18:40:34 | Bank of the West, 1450 Treat Blvd, Walnut Creek, CA 94597-2168 |
| 5433426 | + | Email/Text: bknotices@bankofthewest.com | Nov 05 2021 18:40:39 | Bank of the West, 180 Montgomery Street, San Francisco, CA 94104-4297 |
| 5442620 | + | Email/PDF: Citi.BNC.Correspondence@citi.com | Nov 05 2021 18:44:39 | CBNA, 5800 South Corporate Place, Sioux Falls, |

| | | | |
|---|---|---|---|
| | | | SD 57108-5027 |
| 5433428 | + Email/PDF: Citi.BNC.Correspondence@citi.com | Nov 05 2021 18:44:28 | CBNA, PO Box 6217, Sioux Falls, SD 57117-6217 |
| 5442621 | + Email/PDF: Citi.BNC.Correspondence@citi.com | Nov 05 2021 18:44:39 | CBNA, PO Box 6497, Sioux Falls, SD 57117-6497 |
| 5433430 | + Email/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM | Nov 05 2021 18:40:00 | ComenityCB/DiamondInt, PO Box 182120, Columbus, OH 43218-2120 |
| 5433432 | Email/Text: mrdiscen@discover.com | Nov 05 2021 18:40:00 | Discover Bank, PO Box 15316, Attn: CMS/PROD DEVELOP, Wilmington, DE 19850-5316 |
| 5442624 | Email/Text: mrdiscen@discover.com | Nov 05 2021 18:40:00 | Discover Bank, PO Box 30954, Salt Lake City, UT 84130 |
| 5433433 | Email/Text: mrdiscen@discover.com | Nov 05 2021 18:40:00 | Discover Financial Services, P.O. Box 15316, Wilmington, DE 19850-5316 |
| 5434640 | Email/Text: mrdiscen@discover.com | Nov 05 2021 18:40:00 | Discover Bank, Discover Products Inc, PO Box 3025, New Albany, OH 43054-3025 |
| 5442625 | Email/Text: mrdiscen@discover.com | Nov 05 2021 18:40:00 | Discover Financial Services, P.O. Box 3025, New Albany, OH 430543025 |
| 5442626 | Email/Text: mrdiscen@discover.com | Nov 05 2021 18:40:00 | Discover Fincl Svc LLC, PO Box 3025, New Albany, OH 430543025 |
| 5436058 | + Email/Text: dplbk@discover.com | Nov 05 2021 18:40:00 | Discover Personal Loans, PO Box 30954, Salt Lake City, UT 84130-0954 |
| 5437382 | Email/Text: cashiering-administrationservices@flagstar.com | Nov 05 2021 18:40:00 | Flagstar Bank, FSB, 5151 Corporate Drive, Troy, MI 48098 |
| 5433434 | + Email/Text: cashiering-administrationservices@flagstar.com | Nov 05 2021 18:40:00 | Flagstar Bank, 5151 Corporate Drive, Troy, MI 48098-2639 |
| 5433435 | Email/Text: sbse.cio.bnc.mail@irs.gov | Nov 05 2021 18:40:00 | Internal Revenue Service, PO Box 21126, Philadelphia, PA 19114 |
| 5433436 | Email/PDF: ais.chase.ebn@americaninfosource.com | Nov 05 2021 18:44:36 | JPMCB Card, PO Box 15369, Wilmington, DE 19850 |
| 5437973 | Email/PDF: MerrickBKNotifications@Resurgent.com | Nov 05 2021 18:44:31 | MERRICK BANK, Resurgent Capital Services, PO Box 10368, Greenville, SC 29603-0368 |
| 5433437 | Email/Text: unger@members1st.org | Nov 05 2021 18:40:00 | Members 1st FCU, PO Box 40, Mechanicsburg, PA 17055-0040 |
| 5442631 | + Email/Text: unger@members1st.org | Nov 05 2021 18:40:00 | Members First Federal Credit Union, 5000 Louise Drive, Mechanicsburg, PA 17055-4899 |
| 5433438 | + Email/PDF: MerrickBKNotifications@Resurgent.com | Nov 05 2021 18:44:27 | Merrick Bank Corp, PO Box 9201, Old Bethpage, NY 11804-9001 |
| 5433439 | Email/Text: bankruptcynotices@psecu.com | Nov 05 2021 18:40:00 | PA State Empl CU, 1 Credit Union Place, Harrisburg, PA 17110-2912 |
| 5433441 | + Email/Text: bankruptcynotices@psecu.com | Nov 05 2021 18:40:00 | PSECU, PO Box 67013, Harrisburg, PA 17106-7013 |
| 5442632 | + Email/Text: bankruptcynotices@psecu.com | Nov 05 2021 18:40:00 | PSECU, 1500 Elmerton Avenue, Harrisburg, PA 17110-9214 |
| 5433440 | Email/Text: RVSVCBICNOTICE1@state.pa.us | Nov 05 2021 18:40:00 | Pennsylvania Department of Revenue, Dept. 280946, ATTN: Bankruptcy Division, Harrisburg, PA 17128-0946 |
| 5440078 | Email/Text: bnc-quantum@quantum3group.com | Nov 05 2021 18:40:00 | Quantum3 Group LLC as agent for, MOMA Trust LLC, PO Box 788, Kirkland, WA 98083-0788 |
| 5433442 | + Email/Text: wvanolden@riverviewbankpa.com | Nov 05 2021 18:40:00 | Riverview Bank, 200 Front Street, Marysville, PA 17053-1412 |
| 5433444 | + Email/PDF: gecsedi@recoverycorp.com | | |

| | | | |
|---|---|---|---|
| | | Nov 05 2021 18:44:30 | SYNCB/Sam's Club, PO Box 965005, Orlando, FL 32896-5005 |
| 5434025 | + Email/PDF: gecsedi@recoverycorp.com | Nov 05 2021 18:44:37 | Synchrony Bank, c/o PRA Receivables Management, LLC, PO Box 41021, Norfolk, VA 23541-1021 |
| 5442634 | + Email/PDF: gecsedi@recoverycorp.com | Nov 05 2021 18:44:25 | Synchrony Bank/Sam's Club, 4125 Windward Plaza, Alpharetta, GA 30005-8738 |

TOTAL: 32

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| 5442618 | *+ | Bank of the West, 2527 Camino Ramon, San Ramon, CA 94583-4213 |
| 5442633 | *+ | Riverview Bank, 200 Front Street, Marysville, PA 17053-1412 |

TOTAL: 0 Undeliverable, 2 Duplicate, 0 Out of date forwarding address

# NOTICE CERTIFICATION

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 07, 2021 Signature: /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on November 5, 2021 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Jack N Zaharopoulos (Trustee) | TWecf@pamd13trustee.com |
| Rebecca Ann Solarz | on behalf of Creditor MATRIX FINANCIAL SERVICES CORP. bkgroup@kmllawgroup.com |
| Tracy Lynn Updike | on behalf of Debtor 1 Peter Kenneth Sarago tlupdike@mette.com rkvansteenacker@mette.com |
| Tracy Lynn Updike | on behalf of Debtor 2 Patricia A. Sarago tlupdike@mette.com rkvansteenacker@mette.com |
| United States Trustee | ustpregion03.ha.ecf@usdoj.gov |

TOTAL: 5

# LOCAL BANKRUPTCY FORM 3015-1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:

Peter Kenneth Sarago and Patricia A. Sarago

CHAPTER 13

CASE NO. 1 -bk-21 - 01918-HWV

✓ ORIGINAL PLAN
___ AMENDED PLAN (Indicate 1st, 2nd, 3rd, etc.)

2 Number of Motions to Avoid Liens
0 Number of Motions to Value Collateral

## CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| | | | |
|---|---|---|---|
| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ✓ Included | Not Included |
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | Included | ✓ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | ✓ Included | Not Included |

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

## 1. PLAN FUNDING AND LENGTH OF PLAN.

### A. Plan Payments From Future Income

1. To date, the Debtor paid $ 0.00 (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $ 6,000.00, plus other payments and property stated in § 1B below:

| Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 11/2021 | 10/2026 | $100.00 | | $100.00 | $6,000.00 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | Total Payments: | $6,000.00 |

2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

4. CHECK ONE: ( ) Debtor is at or under median income. *If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.*

   (✓) Debtor is over median income. Debtor estimates that a minimum of $ 0.00 must be paid to allowed unsecured creditors in order to comply with the Means Test.

**B. Additional Plan Funding From Liquidation of Assets/Other**

1. The Debtor estimates that the liquidation value of this estate is $ 643.05________. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

✓ No assets will be liquidated. *If this line is checked, skip § 1.B.2 and complete § 1.B.3 if applicable.*

___ Certain assets will be liquidated as follows:

2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $____________ from the sale of property known and designated as __________________ __________________________. All sales shall be completed by __________________, 20___. If the property does not sell by the date specified, then the disposition of the property shall be as follows: ____________________________________________________

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: ______________________________________ ______________________________________________________

**2. SECURED CLAIMS.**

**A. Pre-Confirmation Distributions.** *Check one.*

✓ None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

___ Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | Last Four Digits of Account Number | Estimated Monthly Payment |
|---|---|---|
| | | |
| | | |
| | | |

1. The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

2. If a mortgagee files a notice pursuant to Fed. R. Bankr. P. 3002.1(b), the change in the conduit payment to the Trustee will not require modification of this plan.

**B. Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** *Check one.*

____ None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

✓ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| Flagstar Bank | Residence at 19 Nicholas Drive, Carlisle | 2162 |
| PSECU | 2018 Honda CR-V | 5331 |
| | | |

C. **Arrears (Including, but not limited to, claims secured by Debtor's principal residence).** *Check one.*

✓ None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

___ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Postpetition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

D. **Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)**

✓ None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

___ The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

1. The allowed secured claims listed below shall be paid in full and their liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code.

2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

E. **Secured claims for which a § 506 valuation is applicable**. *Check one.*

✓ None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.*

___ Claims listed in the subsection are debts secured by property not described in § 2.D of this plan. These claims will be paid in the plan according to modified terms, and liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will file an adversary or other action (select method in last column). To the extent not already determined, the amount, extent or validity of the allowed secured claim for each claim listed below will be determined by the court at the confirmation hearing. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

Case 1:21-bk-01918-HWV Doc 30 Filed 11/07/21 Entered 11/07/21 23:23:49 Desc
Imaged Certificate of Notice Page 9 of 16

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan, Adversary or Other Action |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |

**F. Surrender of Collateral.** *Check one.*

___ None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

✓ The Debtor elects to surrender to each creditor listed below the collateral that secures the creditor's claim. The Debtor requests that upon confirmation of this plan or upon approval of any modified plan the stay under 11 U.S.C. §362(a) be terminated as to the collateral only and that the stay under §1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 4 below.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
| Bank of the West | 2014 Bounder M-36E Motor Home |
| Westgate Resorts | Timeshare in Kissimmee, FL |
| | |

**G. Lien Avoidance.** *Do not use for mortgages or for statutory liens, such as tax liens. Check one.*

___ None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

✓ The Debtor moves to avoid the following judicial and/or nonpossessory, nonpurchase money liens of the following creditors pursuant to § 522(f) (this § should not be used for statutory or consensual liens such as mortgages).

| Name of Lien Holder | Alvin Firestone | Discover Bank | |
|---|---|---|---|
| Lien Description<br>For judicial lien, include court and docket number. | Cumberland Co. Prothonotary #1996-00296 | PA Magisterial Dist. 9303 #CV-172-2020 | |
| Description of the liened property | Residence | Residence | |
| Liened Asset Value | $274,500.00 | $274,500.00 | |
| Sum of Senior Liens | $266,910.63 | $266,910.63 | |
| Exemption Claimed | $7,589.37 | $7,589.37 | |
| Amount of Lien | $70,000.00 | $4,345.46 | |
| Amount Avoided | $70,000.00 | $4,345.46 | |

## 3. PRIORITY CLAIMS.

### A. Administrative Claims

1. Trustee's Fees. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

2. Attorney's fees. Complete only one of the following options:

   a. In addition to the retainer of $1,687.00 already paid by the Debtor, the amount of $3,313.00 in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

   b. $____________ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

3. Other. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one of the following two lines.*

   ✓ None. *If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.*

   ___ The following administrative claims will be paid in full.

| Name of Creditor | Estimated Total Payment |
|---|---|
| | |
| | |

**B. Priority Claims (including, certain Domestic Support Obligations**

Allowed unsecured claims entitled to priority under § 1322(a) will be paid in full unless modified under §9.

| Name of Creditor | Estimated Total Payment |
|---|---|
| Cumberland County Tax Bureau | $861.00 |
| | |
| | |

**C. Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** *Check one of the following two lines.*

✓ None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

___ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim. *This plan provision requires that payments in § 1.A. be for a term of 60 months (see 11 U.S.C. §1322(a)(4)).*

| Name of Creditor | Estimated Total Payment |
|---|---|
| | |

**4. UNSECURED CLAIMS**

A. **Claims of Unsecured Nonpriority Creditors Specially Classified.** *Check one of the following two lines.*

✓ None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

___ To the extent that funds are available, the allowed amount of the following unsecured claims, such as co-signed unsecured debts, will be paid before other, unclassified, unsecured claims. The claim shall be paid interest at the rate stated below. If no rate is stated, the interest rate set forth in the proof of claim shall apply.

| Name of Creditor | Reason for Special Classification | Estimated Amount of Claim | Interest Rate | Estimated Total Payment |
|---|---|---|---|---|
| | | | | |

B. **Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

**5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** ***Check one of the following two lines.***

✓ None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

___ The following contracts and leases are assumed (and arrears in the allowed claim to be cured in the plan) or rejected:

| Name of Other Party | Description of Contract or Lease | Monthly Payment | Interest Rate | Estimated Arrears | Total Plan Payment | Assume or Reject |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |

## 6. VESTING OF PROPERTY OF THE ESTATE.

**Property of the estate will vest in the Debtor upon**

*Check the applicable line:*

___ plan confirmation.
___ entry of discharge.
_✓_ closing of case.

## 7. DISCHARGE: (Check one)

(✓) The debtor will seek a discharge pursuant to § 1328(a).
( ) The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

## 8. ORDER OF DISTRIBUTION:

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:

Level 1: ____________________________________________
Level 2: ____________________________________________
Level 3: ____________________________________________
Level 4: ____________________________________________
Level 5: ____________________________________________
Level 6: ____________________________________________
Level 7: ____________________________________________
Level 8: ____________________________________________

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.* If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely filed general unsecured claims.
Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

## 9. NONSTANDARD PLAN PROVISIONS

**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

Riverview Bank, a creditor on account of guaranteed business debt, filed two Confessions of Judgment against Debtor Peter Sarago in the Prothonotary of Cumberland Co., PA on June 15, 2021 to Docket Nos. 2021-04518 and 2021-04520. These filings are avoidable preferences under 11 U.S.C. §547 as they were filed on account of an antecedent debt in the 90 day period pre-petition, and would allow Riverview Bank to receive more than if the case were a case under Chapter 7. Therefore, this Plan proposes to avoid these liens. In accord with this treatment, Riverview Bank shall release the Debtor, and thus the Debtor's real property, from these Confessions of Judgment within thirty (30) days of the entry of the confirmation order in this case or attorney for Debtor can submit an order to this Court on Debtor's behalf providing for such avoidance.

See attached Rider for additional provisions.

Dated: 10/25/21

Attorney for Debtor

Debtor

Joint Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.

Rider to Paragraph 9 - Other Plan Provisions

      Any unperfected purchase money security interests or liens on goods or software pursuant to Article 9 of the Uniform Commercial Code, to the extent that they exist as to the Debtors' property, shall be divested and avoided at discharge.

      If a creditor fails to file a claim and the Debtors file a claim on behalf of the creditor, the amount of the claim shall act as a maximum allowable amount, and upon confirmation, the creditor shall be estopped from asserting that it is entitled to a greater amount and shall be estopped from attempting to collect a greater amount either during the case or after discharge.

      Property surrendered by the Debtors shall be surrendered in full satisfaction of creditors' claims.

      Claims accruing post-petition are provided for by this plan and may be paid through the plan at the election of the Debtors, to the detriment of general, unsecured claims.

      Confirmation of the Plan shall invoke the protection of 11 U.S.C. Section 1301. The proof of claim filed by the creditor, and not objected to by the Debtors, or filed by the Debtors on behalf of the creditor, shall constitute a designation of the total amount owed to the creditor.

      The Plan filed by the Debtors specifically rejects any contractual provisions which could or may impose on the Debtors the obligation to submit to binding arbitration or alternative dispute resolution.

      Debtors reserve the right to object to claims post-confirmation. The reservation of this right does not impose any duty on the Trustee with regard to distribution of the plan proceeds to claims that are prima facie valid at the time of confirmation.